Next case on today's docket is a case of people of state of Illinois. This is Cody Hamby, Danita Shaw, and Richard Fitts, and we have Michelle Zalasko for the appellee, and we have Patrick Bailey for the appellant. Sorry, I didn't see your reversal. It's my fault. That's okay. You dunked him in. Good morning, Your Honors. We have recent court and counsel. This is an appeal by the state of dismissal of charges in actually three separate cases that were consolidated for review. All three cases are misdemeanor cases. They were set. At the time of dismissal, I believe two of them were a guilty plea and one was, I'm not quite sure what was going on, but it was kind of a status quo kind of thing. The charges were dismissed by the circuit court under what it characterizes as a dismissal for want of prosecution. There is no such creature of dismissal for want of prosecution in criminal cases. Under 725 ILCS 5-114-1, there's an enumerated list of reasons that a prosecution can be dismissed and want of prosecution is not one of them. However, that being said, through the course of its jurisprudence, the Supreme Court has stated that the court's power to dismiss charges in criminal cases is not necessarily constrained by 114-1 and that there are extraordinary circumstances where the court can go beyond that in the interest of justice to allow for the dismissal of charges. It's the state's position in this case that this is not one of those situations that warranted that most extreme sanction in ruling by the court. A brief factual background. Can we back up? You said not in criminal cases, but in traffic cases? I would encompass. DUI? I'm sticking with under the criminal code rather than traffic code. So all 30 criminal cases per se? Correct. That's correct. Traffic cases I'm not sure of because I'm operating under 725 ILCS. Ordinance disorderly? Right. Ordinance would be more of a civil case, I think, in that sense. I was getting in because in Chicago, the house of traffic cases, DWP. That's my recollection as well when I was a traffic prosecutor. So I guess for clarification purposes, I would limit this position to prosecutions under the criminal code rather than traffic code or civil code. These cases were set and what had happened was the court was set to convene at 1 p.m. At approximately 2 p.m., the court had not begun yet. There was no indication at this point about when it was going to start. The judge had not made an appearance. The prosecutor then at that point decided to leave the courtroom. She made a mistake, I think, in retrospect of not advising someone where she was going to go. But the record shows that she left the courtroom briefly to take a washroom. She was gone for no greater than five minutes. When she came back to the courtroom, the trial judge had begun or had already dismissed the three cases for want of prosecution. The prosecutor objected, indicating what the reason was for her absence. The trial judge was unmoved by that and did not reverse his decision. The state then filed a motion to reconsider, a motion to reinstate the charges, and in a written ruling, the circuit court denied the state's motion to reconsider, and this appeal ensued. What had happened is when the judge then, after the prosecutor left the courtroom, the judge came in, inquired where the prosecutor was. Nobody knew. The assistant state attorney wasn't sure. The bailiff, I think, at least went out into the hallway to look around and wasn't sure. The judge began a referral to admonishments or something along those lines, stopped and basically said, well, there's no prosecutor here. I'm going to go ahead and dismiss these for want of prosecution. Now, bearing in mind, I do want to emphasize that all this occurred within, as unrebutted, within a span of less than five minutes when the prosecutor left the courtroom. The judge was also aware that the prosecutor had been in the courtroom just prior to the judge coming in, so it wasn't an instance where the prosecutor was not there at all. The prosecutor was there but had left. Now, getting back to where I started, the courts have the power to dismiss charges in criminal cases, but under circumstances where the Supreme Court has stated that there has to be an unequivocally declared denial of due process, which, in fact, courts the efficient and effective administration of justice. If you look to law in this regard, there's not a lot of instances of denial. In fact, I couldn't find any cases that dealt specifically with dismissal for want of prosecution. There was People v. Guido, which I cited, which actually predates the Newberry-type decisions, which had held specifically that you cannot dismiss for want of prosecution because it was not one of the enumerated reasons for dismissal under 114-1. That being the case, then, the analytical framework for the circuit court and the analytical framework for this court is whether there is an unequivocally clear denial of due process. Cases like People v. Newberry, where the state was responsible for or was involved in or negligently allowed for the destruction of evidence, which actually hampered the defendant's ability to defense against the case, there's one example that the courts have held of a clear denial of due process. In this case, the state filed its motion to reconsider it, and it laid out what had happened. And obviously what happened here, like I said, I'm not absolving the prosecutor of all the blame here, but whether the prosecutor should have done something more or not is not necessarily the issue. The issue is whether the court's sanction is appropriate in relationship to what had happened in this case. In its ruling, the court stated that it considered alternative remedies, such as rule of show cause, recessive proceedings, adjourn, or dismiss the case for want of prosecution. These appeared in the court's order granting or denying the motion to reconsider. It didn't actually articulate any of these things at the time on the transcript when it dismissed the case. But the court did come to the conclusion, I guess in line with this notion that we're talking about for the standard for dismissals, that each of the defendants had suffered a substantial prejudice as a result of the prosecutor's failure to appear. Now, of course, I contest this notion of failure to appear. The prosecutor had appeared, had been there for an hour waiting for the court proceedings to begin. She left, and obviously she left only briefly and had a plausible and realistic explanation for her absence. What the prejudice is has never been stated. The defendants in this case did not object. They didn't state any grounds for prejudice. The circuit court did not state any grounds for prejudice in its ruling. It was merely just a cursory, blank, forward statement that this defendant suffered prejudice and began to do this because it's to, you know, promote the efficient administration of justice. I'm not, it's not obvious in this case exactly how that was impaired in this case, especially when the prosecutor showed up within minutes and said, whoa, I just went to the washroom, why are you dismissing these cases? So when this court reviews the record in this case and reviews the facts, I urge you to go by that standard and whether there was an unequivocally clear denial of due process that warrants this sanction in exchange for or instead of any other thing that the court could have done. I think that the prosecutor admitted that she should have told someone, but I think you also see that. It's a very minor delay. Nothing was hampered as far as the court was concerned in terms of dealing with these cases. Now, the defendants in response cite a civil case, and they show up, and they use the civil standard, which is failure to show due diligence, and this causes prosecution and there is no cause shown for the absence of diligence. Now, of course, I've stated at the outset that this is not a civil case, it's a criminal case, and the criminal case has a particularly unique standard, and I refer this court to that Guaido or Guido decision. Now, granted, it obviously predates new variables for cases, but I think that the underlying analysis there is relevant and it states, you know, criminal cases are a different creature altogether. Unlike a civil case, it's the people at large, the public interest in the prosecution of cases, that's the standard by which the judge has to evaluate whether a type of sanction should be imposed, and therefore it makes sense that there's a heightened standard for a judge to go all the way to the fullest extreme of dismissing cases. Even though if we were to apply the civil standard in this case, I'm not sure how the defendants can even meet that or how those facts would satisfy that particular standard. Certainly it's not failure of due diligence on the prosecutor's part. The prosecutor appeared for court on time. No one's disputed that. No one's disputed that the prosecutor was there for about an hour before the call of nature struck. There's no disputing that the prosecutor immediately hurried back to the courtroom when she found out what was going on. There's no doubt that the state was more than willing to go forward with these cases and they were already in the posture of being disposed of. And, again, I would point out that the defendants below had not raised any sort of complaint or articulated any problem with the fact that the prosecutor had left the courtroom for a matter of minutes. So I do believe, number one, that there's certainly been due diligence shown by the prosecutor. And the cause shown for absence, well, again, I'm not in the prosecutor's shoes and I don't know exactly what her needs or urges were, but obviously she felt after waiting for a sufficient amount of time, I think an hour, that sometimes, gee, I thought we'd be done with this by now. I really need to go to the washroom. So I believe that when this court looks at the record as a whole and considers under the proper criminal standard or even granting the defendant review under the civil standard that dismissal of the charges in this case was an extreme and unwarranted, really a penalty against the state, and that we would ask this court to reverse the decision of the circuit court to grant this cause to have the charges reinstated. Thank you very much. Thank you, Mr. Gale. Thank you. We'll have the opportunity to rebuttal. Ms. Seleska? May it please the court and counsel? First of all, these weren't traffic cases. They were on the order of misdemeanors. So one was a disorderly possession of a small amount of cannabis, a DUI, endangering a child who was in the car when he was driving, I believe were the substance of the three cases. And these were all under the criminal statute? Yes, yes, sir. The judge did not dismiss the case because the assistant state's attorney went to the bathroom. When he dismissed the case, the assistant state's attorney had disappeared from the courtroom. He didn't know where she was. He didn't know when she was going to return. He didn't know if she was going to return. It's not because she went to the bathroom. It's true that it only lasted five minutes, but at the time that he had to rule on these cases, he didn't know if she'd gone for five minutes, five hours, or five days. How big was the docket call? How many cases were on it, and what time was it set for? We have no idea. It was set for 1 o'clock. The judge did not appear until 2 o'clock. We don't know why. Perhaps it was a personal emergency. The whole docket call is not in the record? Not to my recollection. But the judge, in response to your question, he does need to take charge of his courtroom and of his docket. As I said, they didn't know when the assistant state's attorney was going to return. The defendants were prejudiced because, again, they could have been hanging around for the next hour waiting for her to return. But they weren't. And the case law requires a showing of substantial prejudice. Because they didn't know when the state's attorney was going to return. It's true that they didn't end up having to wait, but they certainly could have. They certainly could have lost witnesses. They didn't know where she went, and that's the problem. Don't they have to show an actual prejudice? The actual prejudice is that they were in the courtroom and they didn't know when the case was going to be called. Presumably subpoenas had been issued, that kind of thing. They simply didn't know if or when the case was ever going to be called because the assistant state's attorney had simply disappeared. Are these cases where there had already been a plea of not guilty and they were on a docket for either jury or non-jury session? I believe so. So then they would just have got a date and a time, like this afternoon or tomorrow morning at 9 o'clock? Perhaps. Yes. Didn't the other assistant state's attorney tell the court that it was this other assistant's case before she left? I'm sorry, could you? Didn't she say that another assistant was handling the case and said explicitly who it was and then she left because she had finished her case? She said, Miss Walker is here, she's handling the case. But obviously Miss Walker was not there. Even the other assistant state's attorney didn't know where Walker had disappeared. She didn't say she's here, she'll be back in two minutes. She's here, can we just have a continuance for two minutes? She didn't say anything. She said she's here, meaning she's here in the courthouse. At least she was in the courthouse a few minutes ago. But even the other assistant state's attorney didn't know what had happened, where she had gone. We're saying that there was prejudice to the defendant and more importantly, the court must be able to control his own docket and his own courtroom. And we're asking your honors to please affirm the dismissal of the charges. Thank you. Thank you. Mr. Dale? Just very briefly, your honors. I do want to make one point clear that when the defendant here talks about the prejudice or what she characterizes as the prejudice, there's nothing more than a theoretical prejudice that obviously was obviated, A, when the prosecutor came back in the courtroom, and B, when they filed a motion to reconsider. There is no prejudice that the defendant suffered here. None, zero, none. So to say that, well, this might have happened, isn't prejudice. It's just speculation that was certainly mitigated and dissipated once the prosecutor showed up again, just after a few minutes. A few minutes. It wasn't a 20-minute or a half-hour or two-day delay. It wasn't the prosecutor just disappearing into the vapor. The prosecutor went to the washroom real quick, ran back to the courtroom, and whoops, she just happened to have bad timing. That just is not sufficient grounds to say. Had the attorneys for the three parties left at that time? No, they were still there. They were still there. Correct. They were still there. And no one had moved to have their cases dismissed. Correct. The court did it on its own. It was suspended. Are there any other questions, your honors? Thank you for your time. Thank you. Thank you both. We'll take the matter under advisement.